**BARANSKI, et al., Plaintiffs,**

**v.**

**SERHANT, et al., Defendants.**

**No. 82 C 6611.**

United States District Court,
N.D. Illinois, E.D.

May 31, 1985.

---

Valiulis, Lawrence H. Eiger, Steven A. Kanner, Sharon Swarsensky, Lawrence Ordower, Chicago, Ill., for plaintiffs.

William M. Phelan, Phelan & Doyle, Chicago, Ill., for Donald Judy.

Robert A. Vanasco, Kenneth H. Denberg, Siegel, Denberg, Vanasco, Shukovsky, Moses & Schoenstadt, Robert J. Vollen, Susan Berkowitz, Schwartz & Freeman, Chicago, Ill., for Mark Ness.

Allen C. Engerman, Peter Berman, Barry A. Erlich, Jeffrey A. Brown, Engerman, Erlich, Jacobs & Berman, Chicago, Ill., for K & S Commodities.

Gerald W. Shea, Ira A. Rogal, Robert N. Hutchison, Robert J. Wagner, Shea, Rogal & Assoc., Berwyn, Ill., for Berwyn Bank and Charles Krcilek and John Hartley.

Anthony J. Nugent, pro se.

Thomas D. Decker, Mary Katharine Ryan, Dennis Kyros, Ebers Metskas, Kyros & Assoc., Chicago, Ill., for Nicholas P. Kyros.

William J. Harte, William T. Rodeghier, William J. Harte, Ltd., Chicago, Ill., for Ralph F. Del Monico.

Joseph E. Coughlin, Shelley L. Rice, Lord, Bissell & Brook, Chicago, Ill., for Larwence B. Lagortteria.

Arthur W. Hahn, Bonita L. Stone, David J. Gelfand, Kattern, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for Ronald Schiller.

Philip Bloom, Bloom & Eilen, Chicago, Ill., George P. Birnbaum, David G. Richenthal, Richenthal & Birnbaum, George Bresler, New York City, for Sinclair Global Brokerage Corp.

Thomas P. Johnson, Janet L. Reed, Patrick W. O'Brien, Mayer, Brown & Platt, Chicago, Ill., for Berwyn Nat. Bank.

Howard M. Cohen, Much, Shelist, Freed, Denenberg, Ament & Eiger, Anthony C.

William T. Dwyer, Jr., Mary Anne Spellman, Gerstner, Burke, Griffin, Chomicz & Wienke, P.C., Chicago, Ill., for First Bank

of Schaumberg F/K/A Schaumberg State Bank.

Thomas P. Sullivan, Robert L. Byman, Jenner & Block, Chicago, Ill., for Saul Stone & Co.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on the motion of defendant Estate of Fred Ness ("the Estate") for sanctions, pursuant to Rule 11, Fed.R.Civ.P., against plaintiffs' attorneys. The rule, as amended, applies here,[1] and states in its pertinent part, that:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

It further provides:

> If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...

According to the Estate, plaintiffs' attorneys violated the Rule when they signed the second and third amended complaints, asserting claims on behalf of eight additional plaintiffs which they should have known were time-barred under Illinois law. *See* Illinois Probate Act, Ill.Rev.Stat. ch. 110½, § 18–12 (1984). It argues that where a pleading is signed by an attorney without having met his or her affirmative duty to conduct a reasonable inquiry as to

its factual or legal basis, sanctions are mandated.

At the court's hearing on the motion, plaintiffs' attorneys alleged that this was an inadvertent drafting mistake, for which sanctions are inappropriate. They orally represented to the court that their firm made a mistake by including the claims of the eight plaintiffs against the Estate, and that the second and third amended complaints were drafted by an associate who was unfamiliar with probate proceedings involving the Estate. Once the error was discovered, plaintiffs' attorneys acted immediately to correct it, and informed the court that they had no objection to the entry of judgment for the Estate. As counsel noted, this is a case with many defendants, and the pleading error was not so glaring that it was immediately recognized by the Estate itself.[2] In summary, plaintiffs' attorneys do not believe that their conduct, inadvertent in origin and corrected when called to their attention, merits Rule 11 sanctions.

The court asked counsel for the Estate whether he agreed that the filing of the claims was a mistake. He seemed to agree that it was, but stated the "mistake" was one growing out of a failure to comply with affirmative obligations under Rule 11, and therefore, mistake was no defense.

The issue thus presented, one of first impression insofar as this court can ascertain, is whether mistake can be a defense to Rule 11. In this situation, where the moving party concedes a mistake has occurred, the court concludes that it is a defense.

█ While the Estate argues that Rule 11 mandates sanctions for every "violation," this court disagrees. It is true that the Rule purports to make sanctions mandatory by directing that in the event of a violation, the court "shall impose an appropriate sanction." But the Advisory Com-

---

1. Rule 11, as amended April 28, 1983, went into effect August 1, 1983. The pleadings in question here were filed on June 5 and August 10, 1984.

2. It should be noted that while eight plaintiffs mistakenly brought time-barred claims, thirty-eight other plaintiffs asserted viable claims against the defendant Estate in the second and third amended complaints.

mittee Notes specify that the court "retains the necessary flexibility to deal appropriately with violations of the Rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted." This language indicates that courts are not duty bound by Rule 11's directive to impose sanctions. *See, Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 200 (1985).

■ The real purpose of Rule 11 is to deter abusive pleading and motion tactics. A survey of the case law indicates that courts are objectively assessing the gravity of the conduct at issue before imposing sanctions.[3] Where there is a deliberate abuse or misuse of the litigation process, sanctions are almost universally imposed. *See, e.g., Zaldivar v. City of Los Angeles,* 590 F.Supp. 852 (C.D.Cal.1984). Where conduct is inadvertent in nature, courts have exercised their sound discretion in declining to award sanctions. *Fernandez v. Southside Hospital,* 593 F.Supp. 840 (E.D.N.Y.1984).

■ The court has carefully assessed the conduct here, and perceives no deliberate effort to misuse or abuse the litigation process, deserving of sanctions. Once the Estate moved to dismiss the claims of the eight plaintiffs, it was only a matter of a month before plaintiffs' attorneys consented to dismissal. No briefs were filed on the motion, other than the Estate's original motion and supporting memorandum. And, as plaintiffs' attorneys point out, the matter might easily have been handled through a telephone call or letter, rather than by motion. Therefore, little time or effort was expended in achieving dismissal of the claims. This is in contradistinction to those cases where attorneys persisted with baseless arguments to support claims which should not have been made in the first place. *See, e.g., Woodfork By and Through Houston v. Gavin,* 105 F.R.D.

100 (N.D.Miss.1985); *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984); *Viola Sportswear, Inc. v. Mimun,* 574 F.Supp. 619 (E.D.N.Y. 1983).

Under the circumstances of this case, where it is undisputed that a mistake has occurred, and being intimately familiar with the facts, the parties, and the lawyers involved, the court does not believe that the spirit of Rule 11 would be served by imposition of sanctions against plaintiffs' attorneys. The lawsuit which confronts this court is a large and complex one, and it is understandable if, during its long course, an oversight takes place. "Mistakes are the inevitable lot of mankind." *Re Taylor's Estate,* 22 Ch.D. 495, 503 (1882). Accordingly, the motion of the Estate of Ness pursuant to Rule 11 is denied.

**3.** The Seventh Circuit appears to require a finding of subjective bad faith before sanctions can be imposed under the Rule. *See Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000 (7th Cir.1984). This holding is open to question; the new Rule specifically deletes the former reference to wilfulness, and courts construing it have espoused an objective, rather than subjective, test. *In re Ronco, Inc.,* 105 F.R.D. 493 (N.D.Ill. 1985); *Zaldivar v. City of Los Angeles,* 590 F.Supp. 852 (C.D.Cal.1984).