Roberto **NAVARRO–AYALA**, et al., Plaintiffs, Appellees,

v.

Rafael **HERNANDEZ–COLON**, etc., et al., Defendants, Appellants.

No. 91–1600.

United States Court of Appeals, First Circuit.

Heard Dec. 3, 1991.

Decided Feb. 7, 1992.

Maria Soledad Pineiro, San Juan, P.R., with whom Alice Net Carlo, Garcia Rodon, Correa Marquez & Valderas, Hato Rey, P.R., Jorge E. Perez Diaz, Sol. Gen., Anabelle Rodriguez, Deputy Sol. Gen., and Sylvia A. Cancio Bigas, Asst. Sol. Gen., Dept. of Justice, Washington, D.C., were on brief for defendants, appellants.

Carlos V. Garcia Gutierrez, San Juan, P.R., with whom Armando Cardona Acaba, Puerto Rico Legal Services, Inc., Bayamon, P.R., and Luis M. Villaronga, San Juan, P.R., were on brief, for plaintiffs, appellees.

Before CAMPBELL and TORRUELLA, Circuit Judges, and POLLAK,* Senior District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

This is the second appeal arising out of the district court's oversight of a 1977 settlement stipulation between officials of the Commonwealth of Puerto Rico and a class of mental patients at the Rio Piedras Psychiatric Hospital in San Juan, Puerto Rico. The lengthy history of this case was summarized in our opinion in the first appeal, *see Roberto Navarro–Ayala, et al. v. Rafael Hernandez Colon, et al.*, 951 F.2d 1325 (1st Cir.1991) (*"Navarro I"*), and we discuss here only the facts necessary to our disposition of the present appeal.

The lawsuit that initiated these proceedings was brought on behalf of residents of the Rio Piedras Psychiatric Hospital ("Rio Piedras"). Some years after entry of the stipulation, a Master was appointed. Two years later, measures were begun to reduce the patient population at Rio Piedras. Various persons who had been or would have been assigned to Rio Piedras were placed in other facilities in Puerto Rico, including the Guerrero Therapeutic Community ("Guerrero") in Aquadilla. On January 9, 1991, the district court ordered, *inter alia*, that the Master investigate whether patients formerly at Rio Piedras and now at Guerrero had been " 'confined' there [i.e., at the latter institution] during the past three years." The Commonwealth's Assistant Secretary for Mental Health was directed to provide the Master with information necessary to evaluate "rehabilitation programs serving patients transferred from [Rio Piedras]."

On April 19, 1991, the Master filed his seventeenth report with the district court. That report found that patients at Guerrero were in fact "confined." The report went on to conclude that Guerrero patients were not being provided with treatment consistent with the provisions of Puerto Rico's Mental Health Code, P.R.Laws Ann., tit. 24, § 4001, et seq, and that such failure violated the patients' constitutional right "not to be denied, without due process, the statutory protections and procedures guaranteed by [the Mental Health Code]."

Having received the Master's report, the court issued an order on May 23, 1991. The order stated that "the conclusions and recommendations of the Special Master's Seventeenth Report in all respects are accepted and adopted by the court" and ordered the following:

1) that the parties submit briefs on "appropriate remedial action for defen-

---

* Of the Eastern District of Pennsylvania, sitting by designation.

dants' systematic denial of the rights" under the Mental Health Code of former Rio Piedras patients transferred to Guerrero;

2) that the "Master investigate whether defendants are complying with the liberty and treatment entitlements mandated by [the Mental Health Code]" with respect to patients then being treated at Rio Piedras.

3) that the "Master investigate to determine whether the Medical Directors of [Guerrero] and [Rio Piedras] are in fact presently implementing the provisions in [the Mental Health Code]" concerning the procedures for admitting voluntary patients.

Defendants appeal both from the foregoing orders applying at Guerrero and from those applying at Rio Piedras. Their appeal was argued on December 3, 1991, shortly before we issued our opinion in *Navarro I.* Now that that opinion has issued, it is obvious that the challenged orders, at least insofar as they apply to Guerrero, need, as a practical matter, to be reconsidered in light of *Navarro I.* In that case, we ruled that "[a]n ongoing oversight of the ... treatment received by former Rio Piedras patients at Guerrero is outside both the terms of the stipulation and any general remedial power that can be implied therefrom." *Id.* at 1347.

For reasons set forth below, however, we conclude that all of the orders being challenged in this appeal, including those pertaining to Guerrero, are ones over which this court lacks appellate jurisdiction. To be sure, in different circumstances, we might possibly find authority to review the Guerrero orders within our extraordinary mandamus powers. But *Navarro I* had not come down when these orders were issued, and we are altogether confident that the district court will hereafter act in full conformity to our opinion in *Navarro I.* We thus see no occasion to consider the possibility of mandamus review.

We next consider whether or not we have appellate jurisdiction over the orders from which this appeal was taken. As we find no such jurisdiction, we dismiss the appeal.

■ The question of appellate jurisdiction is most easily analyzed if we consider the separate requirements of the district court's orders. First, the district court has required the parties to brief the question of remedies for alleged constitutional violations at Guerrero. Several circuits have held that an order to submit a remedial plan following a finding of unlawful conduct is not a final appealable order under 28 U.S.C. § 1291. *See Balla v. Idaho State Board of Corrections,* 869 F.2d 461 (9th Cir.1989) (citing cases). Here, the defendants were subjected merely to the lesser requirement of filing a brief. While, as already indicated, *Navarro I* may well make the briefing order relative to Guerrero obsolete, we do not think a mere briefing order issued at a time the court believed it had authority in respect to Guerrero, is appealable.

■ Nor is that portion of the orders appealable either as an injunction under 28 U.S.C. § 1292(a)(1) or as a collateral order under the doctrine of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Even if we assume the dubious proposition that an order to brief an issue could be considered an injunction, for an injunction to be immediately appealable it must have a "serious, perhaps irreparable consequence." *Carson v. American Brands,* 450 U.S. 79, 84, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981). Similarly, to be appealable under the collateral order doctrine, an order must involve a "right incapable of vindication on appeal from final judgment." *United States v. Sorren,* 605 F.2d 1211 (1st Cir.1979). Neither of these conditions exists here. Defendants suffer no irreparable consequence from submitting a brief to the district court, and their right to challenge the court's finding of constitutional violations could be effectively vindicated at such time as a remedy were ordered.[1]

---

1. It is, of course, doubtful that such a remedy will ever be ordered in light of *Navarro I,* but, by the same token, the parties are now at liberty to approach the district court for relief from the briefing order in light of *Navarro I.*

We turn next to the portion of the district court's orders requiring various investigations by the Master. The Master has been ordered to determine whether Rio Piedras patients are being deprived of their "liberty and treatment entitlements" under the Mental Health Code of the Commonwealth of Puerto Rico, and whether both Guerrero and Rio Piedras patients are being admitted under the procedures provided therein. We fail to see how an order that the Master conduct an investigation may be considered final. The district court has not yet even considered, much less made up its mind about, the violations of the Mental Health Code being investigated. *See Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 70 (2d Cir.1973) (final judgment rule avoids appellate consideration of "issue[s] concerning which the trial court has not yet made up its mind"). That the district court has not even considered the existence of such violations likewise precludes the appeal of its orders under the collateral order doctrine. *See Sorren*, 605 F.2d at 1213 (collateral issue must have been resolved). Finally, these orders may not be appealed as injunctions. Their only effect on defendants is that the Master's investigation will presumably require defendants' to provide information. It is doubtful that an order requiring the provision of information constitutes an injunction. *Cf. Corporacion Insular de Seguros v. Garcia*, 876 F.2d 254, 256 (1st Cir.1989) (discovery order not appealable as injunction). Even if it does, defendants will not suffer any "irreparable consequence," *Carson*, 450 U.S. at 84, 101 S.Ct. at 996, from providing information to the Master. And, of course, given the recent issuance of *Navarro I*, we may expect, as a practical matter, that the district court will now make such modifications in its orders as that opinion appears to call for.

The appeal is dismissed for lack of appellate jurisdiction.

*So ordered. No costs.*